UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TORI COLEMAN | ) | CASE NO. |
| c/o her attorneys Tittle & Perlmuter | ) | |
| 2012 West 25th Street, Ste. 716 | ) | JUDGE |
| Cleveland, OH 44113 | ) | |
| | ) | Magistrate Judge |
| On behalf of herself and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BHAVESH D. PATEL | ) | |
| 7825 Mentor Avenue | ) | **PLAINTIFF'S CLASS AND** |
| Mentor, OH 44060 | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT UNDER THE FAIR** |
| JAYESH D. PATEL | ) | **LABOR STANDARD ACT AND** |
| 7727 Lucretia Court | ) | **STATE LAW** |
| Mentor, OH 44060 | ) | |
| | ) | |
| GHANSHYAM PATEL | ) | |
| c/o Janki Donuts, Inc. | ) | |
| 26963 Lorain Road | ) | |
| North Olmstead, Ohio | ) | |
| | ) | |
| NILAYKUMAR PATEL | ) | |
| 34188 Euclid Avenue, B21 | ) | |
| Willoughby, OH 44094 | ) | |
| | ) | |
| SHAILESH PATEL | ) | |
| 34188 Euclid Avenue, B21 | ) | |
| Willoughby, OH 44094 | ) | |
| | ) | |
| BHAVANI DONUTS, INC. | ) | |
| 7825 Mentor Avenue | ) | |
| Mentor, OH 44060 | ) | |
| | ) | |

and c/o its Statutory Agent )
Bhavesh D. Patel )
7825 Mentor Avenue )
Mentor, OH 44060 )
)
CHARDON DONUTS, INC. )
370 Center Street )
Chardon, Ohio 44024 )
)
    and c/o its Statutory Agent )
    Bhavesh D. Patel )
    7825 Mentor Avenue )
    Mentor, OH 44060 )
)
EUCLID DONUTS, INC. )
c/o its Statutory Agent )
Bhavesh D. Patel )
7825 Mentor Avenue )
Mentor, OH 44060 )
)
JANKI DONUTS, INC. )
26963 Lorain Road )
North Olmstead, Ohio 44070 )
)
    and c/o its Statutory Agent )
    Jayesh D. Patel )
    7727 Lucretia Court )
    Mentor, OH 44060 )
)
LAKESHORE DONUTS, INC. )
7742 Lakeshore Boulevard )
Mentor, Ohio 44060 )
)
    and c/o its Statutory Agent )
    Bhavesh D. Patel )
    7825 Mentor Avenue )
    Mentor, OH 44060 )
)
MANKI DONUTS, INC. )
1528 West 117th St. )
Lakewood, Ohio 44107 )
)
    and c/o its Statutory Agent )
    Bhavesh D. Patel )

7825 Mentor Avenue                          )
Mentor, OH 44060                            )
                                            )
NIYATI ENTERPRISE, LLC                      )
2801 Bishop Road                            )
Willoughby Hills, Ohio 44092                )
                                            )
   and c/o its Statutory Agent    )
   Bhavesh D. Patel                 )
   7825 Mentor Avenue               )
   Mentor, OH 44060                 )
                                            )
SHIV DONUTS, INC.                           )
2080 Snow Road                              )
Parma, Ohio 44134                           )
                                            )
   and c/o its Statutory Agent    )
   Tapan Patel                      )
   2080 Snow Road                   )
   Parma, OH 44134                  )
                                            )
SHRI BOOT MAA CORP.                         )
255 Richmond Street                         )
Painesville, OH 44077                       )
                                            )
   and c/o its Statutory Agent    )
   Jayesh D. Patel                  )
   255 Richmond Street              )
   Painesville, OH 44077            )
                                            )
VISHNU DONUTS CORP.                         )
355535 Euclid Avenue, Unit 1                )
Willoughby, OH 44094                        )
                                            )
   and c/o its Statutory Agent    )
   Shailesh Patel                   )
   34188 Euclid Avenue, B21         )
   Willoughby, OH 44094             )
                                            )
       Defendants.           )

Plaintiff Tori Coleman, through counsel, respectfully files this Class and Collective

Action Complaint against individual defendants Bhavesh D. Patel, Jayesh D. Patel,

3

Ghanshyam Patel, Nilaykumar Patel, and Shailesh Patel and their multitude of corporate entities (sometimes collectively "the Companies").  The individual and entity defendants are sometimes collectively referred to as "Defendants."

## INTRODUCTION

1.     This case challenges practices of Defendants by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Constitution art. II, § 34a, the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, and the Ohio Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15.

2.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

3.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually-related claims under Ohio law (the "Ohio Class").

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.     This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7.     At all times relevant, Plaintiff Tori Coleman was a citizen of the United States and a resident of Cuyahoga County, Ohio.

8.     At all times relevant, Defendant Bhavesh D. Patel was a resident of this district and an owner, operator, and principal manager of the Companies.

9.     At all times relevant, Defendant Jayesh D. Patel was a resident of this district and an owner, operator, and principal manager of the Companies.

10.     At all times relevant, Defendant Ghanshyam Patel was a resident of this district and an owner, operator, and principal manager of the Companies.

11.     At all times relevant, Defendant Nilaykumar Patel was a resident of this district and an owner, operator, and principal manager of the Companies.

12.     At all times relevant, Defendant Shailesh Patel was a resident of this district and an owner, operator, and principal manager of the Companies.

13.     Defendant Bhavani Donuts, Inc. is an Ohio corporation with its principal office at 7825 Mentor Avenue, Mentor, OH 44060.  According to records maintained by

the Ohio Secretary of State, its statutory agent for service of process is Bhavesh D. Patel, 7825 Mentor Avenue, Mentor, OH 44060.

14.     Defendant Chardon Donuts, Inc. is an Ohio corporation with its principal office at 370 Center Street, Chardon, Ohio 44024. According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Bhavesh D. Patel, 7825 Mentor Avenue, Mentor, OH 44060.

15.     Defendant Euclid Donuts, Inc. is an Ohio corporation which its principal office at 22200 Lakeshore Boulevard, Euclid, Ohio 44123. According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Bhavesh D. Patel, 7825 Mentor Avenue, Mentor, OH 44060.

16.     Defendant Janki Donuts, Inc. is an Ohio corporation with its principal office at 26963 Lorain Road, North Olmstead, Ohio 44070. According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Jayesh D. Patel, 7727 Lucretia Court, Mentor, OH 44060.

17.     Defendant Lakeshore Donuts, Inc. is an Ohio corporation with its principal office at 7742 Lakeshore Boulevard, Mentor, Ohio 44060. According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Bhavesh D. Patel, 7825 Mentor Ave., Mentor, OH 44060.

18.     Defendant Manki Donuts, Inc. is an Ohio corporation with its principal office at 1528 West 117th St., Lakewood, Ohio 44107. According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Bhavesh D. Patel, 7825 Mentor Ave., Mentor, OH 44060.

19.     Defendant Niyati Enterprise, LLC is an Ohio corporation with its principal office at 2801 Bishop Road, Willoughby Hills, Ohio 44092.  According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Bhavesh D. Patel, 7825 Mentor Avenue, Mentor, OH 44060.

20.     Defendant Shiv Donuts, Inc. is an Ohio corporation with its principal office at 2080 Snow Road, Parma, Ohio 44134.  According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Tapan Patel, 2080 Snow Road, Parma, OH 44134.

21.     Defendant Shri Boot Maa Corp. is an Ohio corporation with its principal office at 255 Richmond Street, Painesville, OH 44077.  According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Jayesh D. Patel, 255 Richmond Street, Painesville, OH 44077.

22.     Defendant Vishnu Donuts Corp. is an Ohio corporation with its principal office at 35535 Euclid Avenue, Unit 1, Willoughby, OH  44094.  According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Shailesh Patel, 34188 Euclid Avenue, B21, Willoughby, OH 44094.

## FACTUAL ALLEGATIONS

### Defendants' Business

23.     Defendants operate Dunkin' stores that sell coffee, donuts, and other products to retail customers.  Defendants operate at least ten such stores in northeast Ohio and are believed to have several other stores within the state as well.

**Defendants' Employment of Plaintiff, Potential Opt-Ins, and Class Members**

24.     Defendants employed Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class as non-exempt employees in the stores.

25.     Plaintiff Tori Coleman worked for Defendants as a non-exempt employee from December 24, 2017 through April 11, 2019.  Ms. Coleman worked for Defendants in the store located in Willoughby, Ohio.

**Defendants' Status as "Employers," "Joint Employers,"
and "Integrated Employers"**

26.     Individual Defendants Bhavesh D. Patel, Jayesh D. Patel, Ghanshyam Patel, Nilaykumar Patel, and Shailesh Patel and their multiple Companies were "employers" of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

27.     Defendants were "employers" pursuant to 29 U.S.C. § 203(d) in that they were "person[s] [who] act[ed] directly or indirectly in the interest of an employer in relation to … employee[s]," including Plaintiff, the Potential Opt-Ins, and the Ohio Class Members.  As owners, operators, and principal managers of the Companies, Individual Defendants Bhavesh D. Patel, Jayesh D. Patel, Ghanshyam Patel, Nilaykumar Patel, and Shailesh Patel had operational control over significant aspects of the Companies' operations and day-to-day functions, including compensation of employees.  Individual Defendants Bhavesh D. Patel, Jayesh D. Patel, Ghanshyam Patel, Nilaykumar Patel, and Shailesh Patel instituted or knowingly ratified the unlawful pay practices of the Companies described herein.

28.     Department of Labor regulations provide that employees may work simultaneously for two or more "joint employers."  29 C.F.R. § 791.2(a).  Joint employment occurs when the two employers are "not completely disassociated" from one another.  *Id.*  Joint employers "are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions." *Id.*

29.     Defendants were joint employers of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members.

30.     At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

31.     At all times relevant, the Companies were an "integrated enterprise" because they are so interrelated such that they can be considered a single enterprise. They share overlapping ownership, management, and control by and through the individual Defendants.

### Defendants' Failure to Pay Required Compensation

32.     The FLSA and Ohio law require that non-exempt employees be paid overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours per workweek.  29 U.S.C. § 207; Ohio Rev. Code Ann. § 4111.03.

33.    Plaintiff, the Potential Opt-Ins, and all members of the Ohio Class frequently worked more than forty hours in a single workweek, entitling them to overtime compensation under the FLSA and Ohio law.

34.    Defendants failed to pay them overtime compensation at the rate of one and one-half times their regular rate for all hours worked in excess of forty hours per workweek.

35.    Defendants utilized several methods and devices to miscalculate employees' compensation and either underpay, or avoid entirely, the statutorily-required overtime compensation.  Although the methods utilized by Defendants varied, all had the common objective and effect of circumventing proper overtime compensation, and all of the methods are provable by examining the affected employees' timekeeping and payroll records and data, as shown in Paragraphs 38 through 49, below.

<u>**Defendants Unlawfully Calculated Overtime by Pay Period Rather Than by Workweek**</u>

36.    Plaintiff Tori Coleman was paid time-and-a-half only when her hours exceeded 80 in a two-week pay period—not when her hours in a single workweek exceeded 40.  That practice violated the FLSA, as well as Ohio law.  *See, e.g.*, 29 C.F.R. 778.104; Ohio Rev. Code Ann. § 4111.03(A) (incorporating the FLSA's overtime requirements).

37.    The FLSA uses a single workweek as its standard for overtime calculations and does not permit averaging of hours over two or more weeks.  Thus, if an employee works 30 hours in one workweek and 50 hours the next, he or she must receive overtime compensation for the hours over 40 in the second week (even though the average hours

for the 2-week pay period is 40).  This is true whether the employee works on a standard shift or swing-shift, and regardless of whether he or she is paid on a daily, weekly, biweekly, monthly, or other basis.

38.     By way of illustration, for the two-week pay period covering March 4 to March 17, 2018, Ms. Coleman worked 37.51 hours the first week and 43.7 hours the second week, for a total of 81.21 hours:

| Coleman, Tori | Retail Hourly | C-1 Cashier | Shift | 3/5/2018 6:01:00 AM | 3/5/2018 3:05:00 PM | 9.07 | 8.51 |
|---|---|---|---|---|---|---|---|
| Coleman, Tori | Retail Hourly | C-1 Cashier | Unpaid Break | 3/5/2018 8:25:00 AM | 3/5/2018 8:58:00 AM | 0.55 | 0.00 |
| Coleman, Tori | Retail Hourly | C-1 Cashier | Shift | 3/6/2018 5:03:00 AM | 3/6/2018 11:42:00 AM | 6.65 | 6.34 |
| Coleman, Tori | Retail Hourly | C-1 Cashier | Unpaid Break | 3/6/2018 7:42:00 AM | 3/6/2018 8:01:00 AM | 0.32 | 0.00 |
| Coleman, Tori | Retail Hourly | C-1 Cashier | Shift | 3/7/2018 7:02:00 AM | 3/7/2018 3:06:00 PM | 8.07 | 7.46 |
| Coleman, Tori | Retail Hourly | C-1 Cashier | Unpaid Break | 3/7/2018 9:22:00 AM | 3/7/2018 9:58:00 AM | 0.60 | 0.00 |
| Coleman, Tori | Retail Hourly | C-1 Cashier | Shift | 3/9/2018 7:02:00 AM | 3/9/2018 3:00:00 PM | 7.97 | 7.67 |
| Coleman, Tori | Retail Hourly | C-1 Cashier | Unpaid Break | 3/9/2018 10:16:00 AM | 3/9/2018 10:34:00 AM | 0.30 | 0.00 |
| Coleman, Tori | Retail Hourly | C-1 Cashier | Shift | 3/10/2018 4:58:00 AM | 3/10/2018 1:01:00 PM | 8.05 | 7.53 |
| Coleman, Tori | Retail Hourly | C-1 Cashier | Unpaid Break | 3/10/2018 8:00:00 AM | 3/10/2018 8:31:00 AM | 0.52 | 0.00 |
| Coleman, Tori | Retail Hourly | C-1 Cashier | Shift | 3/11/2018 5:09:00 AM | 3/11/2018 12:23:00 PM | 7.23 | 6.98 |
| Coleman, Tori | Retail Hourly | C-1 Cashier | Unpaid Break | 3/11/2018 8:41:00 AM | 3/11/2018 8:56:00 AM | 0.25 | 0.00 |

| Coleman, Tori | Retail Hourly | C-1 Cashier | Shift | 3/12/2018 4:58:00 AM | 3/12/2018 12:04:00 PM | 7.10 | 6.70 |
|---|---|---|---|---|---|---|---|
| Coleman, Tori | Retail Hourly | C-1 Cashier | Unpaid Break | 3/12/2018 7:46:00 AM | 3/12/2018 8:10:00 AM | 0.40 | 0.00 |
| Coleman, Tori | Retail Hourly | C-1 Cashier | Shift | 3/13/2018 6:02:00 AM | 3/13/2018 3:07:00 PM | 9.08 | 8.62 |
| Coleman, Tori | Retail Hourly | C-1 Cashier | Unpaid Break | 3/13/2018 8:38:00 AM | 3/13/2018 9:06:00 AM | 0.47 | 0.00 |
| Coleman, Tori | Retail Hourly | C-1 Cashier | Shift | 3/14/2018 6:57:00 AM | 3/14/2018 3:04:00 PM | 8.12 | 7.66 |
| Coleman, Tori | Retail Hourly | C-1 Cashier | Unpaid Break | 3/14/2018 9:29:00 AM | 3/14/2018 9:56:00 AM | 0.45 | 0.00 |
| Coleman, Tori | Retail Hourly | C-1 Cashier | Shift | 3/16/2018 7:03:00 AM | 3/16/2018 3:02:00 PM | 7.98 | 7.60 |
| Coleman, Tori | Retail Hourly | C-1 Cashier | Unpaid Break | 3/16/2018 9:08:00 AM | 3/16/2018 9:31:00 AM | 0.38 | 0.00 |
| Coleman, Tori | Retail Hourly | C-1 Cashier | Shift | 3/17/2018 5:04:00 AM | 3/17/2018 11:33:00 AM | 6.48 | 6.14 |
| Coleman, Tori | Retail Hourly | C-1 Cashier | Unpaid Break | 3/17/2018 7:13:00 AM | 3/17/2018 7:34:00 AM | 0.35 | 0.00 |

39.     Defendants were required by law to pay Ms. Coleman 3.7 hours of overtime pay for that second workweek.  However, Defendants did not do so.  Instead they paid her only 1.21 hours overtime compensation (the amount by which her combined hours for the pay period exceeded 80):

| PERSONAL AND CHECK INFORMATION | EARNINGS | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|
| Tori Coleman | | | | | | | |
| 24799 LakeshoreBlvd | | Hourly | 80.00 | 8.3000 | 664.00 | 441.27 | 3662.55 |
| Apt 319 | | Overtime | 1.21 | 12.4500 | 15.06 | 5.57 | 69.34 |
| Euclid, OH  44123 | | Total Hours | 81.21 | | | 446.84 | |
| Soc Sec #: xxx-xx-xxxx    Employee ID: 505 | | Gross Earnings | | | 679.06 | | 3731.89 |
| | | Total Hrs Worked | 81.21 | | | | |
| Pay Period: 03/04/18 to 03/17/18 | WITHHOLDINGS | DESCRIPTION | FILING STATUS | | THIS PERIOD ($) | | YTD ($) |
| Check Date: 03/23/18    Check #: 12609 | | | | | | | |
| NET PAY ALLOCATIONS | | Social Security | | | 42.10 | | 231.38 |
| | | Medicare | | | 9.84 | | 54.11 |
| DESCRIPTION    THIS PERIOD ($)    YTD ($) | | Fed Income Tax | S 1 | | 37.93 | | 199.03 |
| Check Amount    579.56    3198.66 | | OH Income Tax | 1 | | 9.63 | | 48.71 |
| NET PAY    579.56    3198.66 | | TOTAL | | | 99.50 | | 533.23 |

### <u>Defendants Unlawfully Paid Overtime Hours at Straight-Time</u>

40.    In other instances, Defendants simply paid employees at their regular rate for overtime hours.  This violated the requirement of the FLSA and Ohio law that non-exempt employees be paid at one and one-half times their regular rate for all hours over forty in a workweek.  29 U.S.C. § 207; Ohio Rev. Code Ann. § 4111.03.

41.    The pay stubs of employee Heather Smitherman illustrate this practice.  She worked at Defendants' Willoughby, Ohio store.  During the pay period September 16 to September 29, 2018, Smitherman's regular hourly rate was $8.90.  She worked 86.46 hours during that pay period, meaning that one or both workweeks must have included overtime hours (i.e., hours over 40).  Yet Smitherman's pay stub shows that all of her hours were paid at her regular rate of $8.90:



**Defendants Circumvented Overtime Pay by Miscalculating the Compensation Due**

42.     For still other employees, Defendants avoided the payment of overtime compensation by manipulating compensation calculations.

43.     The pay stubs of employee Shontay Brown illustrate this practice.  Brown worked at several of Defendants' stores.  In June and July 2018, Brown worked at the W. 117th St. in Cleveland.  Brown's regular hourly rate of pay at the time was $9.15, as reflected in his July 27, 2018 pay stub, covering the July 8 to July 21, 2018 pay period:

| PERSONAL AND CHECK INFORMATION | EARNINGS | | | | | |
|---|---|---|---|---|---|---|
| Shontay Brown | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
| 1821 Haldane ave | Hourly | 39.00 | 9.1500 | 356.85 | 1159.00 | 17004.45 |
| cleveland, OH 44112 | Total Hours | 39.00 | | | 1159.00 | |
| Soc Sec #: xxx-xx-xxxx   Employee ID: 391 | Gross Earnings | | | 356.85 | | 17004.45 |
| Home Department: 1 Payroll | Total Hrs Worked | 39.00 | | | | |
| Pay Period: 07/08/18 to 07/21/18 | WITHHOLDINGS DESCRIPTION | FILING STATUS | | THIS PERIOD ($) | | YTD ($) |
| Check Date: 07/27/18   Check #: 21749 | Social Security | | | 22.13 | | 1054.28 |
| NET PAY ALLOCATIONS | Medicare | | | 5.17 | | 246.56 |
| DESCRIPTION   THIS PERIOD ($)   YTD ($) | Fed Income Tax | S 1 | | 5.49 | | 1687.84 |
| Check Amount   315.81   13381.85 | OH Income Tax | 0 | | 2.90 | | 378.85 |
| NET PAY   315.81   13381.85 | OH LAKEW Inc | | | 5.35 | | 255.07 |
| | TOTAL | | | 41.04 | | 3622.60 |

44.     In the prior two-week pay period, Brown worked 84 hours the first week and 75 hours the second week, as shown by Defendants' time records:



45.     At his regular pay rate of $9.15 per hour, Brown's compensation for that pay period should have been calculated as follows:  $366 in straight-time pay for week one (40 hours x $9.15) plus $603.90 in overtime pay for week one (44 hours x $9.15 x 1.5) plus $366 in straight-time pay for week two (40 hours x $9.15) plus $480.38 in overtime pay for week two (35 hours x $9.15 x 1.5).  Thus, Brown's compensation for the two-week pay period should have been 80 hours at his regular rate ($9.15) plus 79 overtime hours at time-and-a-half ($18.30), for a total pay of $1,816.28.

46.     However, Defendants manipulated the calculation to avoid paying him the full overtime compensation due.  Brown's pay stub for that period shows only 80 hours worked at $16.47 per hour, for a total pay of $1,317.60:

| PERSONAL AND CHECK INFORMATION | EARNINGS | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|
| Shontay Brown | | Hourly | 80.00 | 16.4700 | 1317.60 | 1120.00 | 16647.60 |
| 1821 Haldane ave | | Total Hours | 80.00 | | | 1120.00 | |
| cleveland, OH 44112 | | Gross Earnings | | | 1317.60 | | 16647.60 |
| Soc Sec #: xxx-xx-xxxx   Employee ID: 391 | | Total Hrs Worked | 80.00 | | | | |
| Home Department: 1 Payroll | WITHHOLDINGS | DESCRIPTION | FILING STATUS | | THIS PERIOD ($) | | YTD ($) |
| | | Social Security | | | 81.69 | | 1032.15 |
| Pay Period: 06/24/18 to 07/07/18 | | Medicare | | | 19.10 | | 241.39 |
| Check Date: 07/13/18   Check #: 21729 | | Fed Income Tax | S 0 | | 133.71 | | 1682.35 |
| NET PAY ALLOCATIONS | | OH Income Tax | 0 | | 31.14 | | 375.95 |
| | | OH LAKEW Inc | | | 19.76 | | 249.72 |
| DESCRIPTION     THIS PERIOD ($)     YTD ($) | | | | | | | |
| Check Amount     1032.20     13066.04 | | TOTAL | | | 285.40 | | 3581.56 |
| NET PAY     1032.20     13066.04 | | | | | | | |

47.     Similarly, for the pay period May 13 to May 26, 2018, Brown worked 41 hours the first workweek and 84 hours the second week:



48. At $9.15 per hour, Brown was owed $366 in straight-time pay for week one (40 hours x $9.15) plus $13.73 in overtime pay for week one (1 hour x $9.15 x 1.5) plus $366 in straight-time pay for week two (40 hours x $9.15) plus $603.90 in overtime pay for week two (44 hours x $9.15 x 1.5). Thus, Brown's compensation for the two-week pay period should have been 80 hours at his regular rate ($9.15) plus 45 overtime hours at time-and-a-half ($18.30), for a total pay of $1,349.63.

49. However, Brown's pay stub shows only for 80 hours worked at $14.375 per hour, for a gross pay of $1,150.00:

| PERSONAL AND CHECK INFORMATION | EARNINGS | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|
| Shontay Brown | | Hourly | 80.00 | 14.3750 | 1150.00 | 880.00 | 12694.80 |
| 1821 Haldane ave | | Total Hours | 80.00 | | | 880.00 | |
| cleveland, OH 44112 | | Gross Earnings | | | 1150.00 | | 12694.80 |
| Soc Sec #: xxx-xx-xxxx   Employee ID: 391 | | Total Hrs Worked | 80.00 | | | | |
| Home Department: 1 Payroll | WITHHOLDINGS | DESCRIPTION | FILING STATUS | | THIS PERIOD ($) | | YTD ($) |
| Pay Period: 05/13/18 to 05/26/18 | | Social Security | | | 71.30 | | 787.08 |
| Check Date: 06/01/18    Check #: 21660 | | Medicare | | | 16.67 | | 184.07 |
| NET PAY ALLOCATIONS | | Fed Income Tax | S 0 | | 113.60 | | 1281.22 |
| | | OH Income Tax | 0 | | 25.55 | | 282.53 |
| DESCRIPTION   THIS PERIOD ($)   YTD ($) | | OH LAKEW Inc | | | 17.25 | | 190.44 |
| Check Amount   905.63   9969.46 | | | | | | | |
| NET PAY   905.63   9969.46 | | TOTAL | | | 244.37 | | 2725.34 |

## Willfulness of Defendants' Violations

50.     Defendants knew that Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were entitled to overtime compensation at one and one-half times their regular rate under federal and state law, or acted in reckless disregard for whether they were so entitled.

51.     Defendants utilized multiple methods to achieve a common objective and effect—that of underpaying, or avoiding entirely, the payment of proper overtime compensation.  Defendants' course and pattern of conduct in devising and implementing those methods demonstrate a knowing and willful intent to violate the law.

## COLLECTIVE ACTION ALLEGATIONS

52.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

54.     The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All non-exempt employees of Defendants in Ohio during the period three years preceding the commencement of this action to the present who worked more than forty hours in one or more workweeks and were not paid time-and-a-half for all hours over forty in a workweek.

16

55.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were subject to Defendants' unlawful pay practices, all were injured by those practices, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

56.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in."

57.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over one-hundred persons. Such persons are readily identifiable through the records Defendants has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

58.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59.     Plaintiff brings this case on behalf of herself and other members of a proposed Ohio Class, defined as:

> All non-exempt employees of Defendants in Ohio during the period three years preceding the commencement of this action to the present who worked more than forty hours in one or more workweeks and were not paid time-and-a-half for all hours over forty in a workweek.

60.     The Ohio Class is so numerous that joinder of all Class Members is impracticable.  Plaintiff cannot yet state the exact number of Class Members but avers, upon information and belief, that they consist of over one-hundred persons.  The number of Class Members as well as their identities are ascertainable from records Defendants has maintained, and was required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

61.     There are questions of law or fact common to the Ohio Class, including but not limited to whether Defendants paid Plaintiff and other Class Members at time-and-a-half for all hours over forty per workweek and whether Defendants did so willfully.

62.     Plaintiff's claims are typical of the claims of other members of the Ohio Class.  Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other Class Members.

63.     Plaintiff will fairly and adequately protect the interests of the Ohio Class.  Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members.  Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

64.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole and predominate over any questions affecting only individual class members.

18

65.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.  Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

66.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

67.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b).  Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is attached.

68.     The FLSA required Defendants to pay overtime compensation at one and one-half times employees' "regular rate" for all hours worked in excess of forty hours in a workweek.  29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

69.     Defendants failed to pay overtime compensation to Plaintiff and the Potential Opt-Ins for all hours worked in excess of forty in a workweek.  As more fully described above, Defendants utilized various methods and devices to avoid paying proper overtime compensation.

70.     By engaging in these practices, Defendants' willfully violated the FLSA and regulations thereunder that have the force and effect of law.

71.     As a result of Defendants' violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.  Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

72.     Plaintiffs incorporates by reference the foregoing allegations as if fully rewritten herein.

73.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself, the Potential Opt-Ins in Ohio, and the Ohio Class Members.

74.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

75.     Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation to Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members at one and one-half times their regular rate.

76.     Defendants' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

77.     Ohio Rev. Code Ann. § 4111.10(A) provides that Defendants, having violated § 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

<u>**COUNT THREE**</u>
**(Ohio Prompt Pay Act Violations)**

78.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

79.     Plaintiff brings this claim for violation of the Ohio Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), on behalf of herself, the Potential Opt-Ins in Ohio, and the Ohio Class Members.

80.     The Ohio Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

81.     Defendants failed to pay all wages due to Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members under the Ohio Prompt Pay Act, entitling them to the unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## COUNT FOUR
### (Declaratory Judgment)

82.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

83.     Under Ohio Revised Code § 2721.02, "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed."

84.     Pursuant to Ohio Revised Code §§ 2721.01 to 2721.15, Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members have a justiciable controversy with Defendants.

85.     A declaratory judgment will aid in determining the rights and obligations of the parties.

86.     Plaintiff asks the Court to declare, among other appropriate declarations, that Defendants' practice of paying overtime compensation to Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members at rates below one and one-half times their regular rate violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.     Enter judgment against Defendants and in favor of Plaintiff, the Opt-

Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D.      Award declaratory relief in favor of Plaintiff and other class members as herein requested;

E.      Award compensatory damages to Plaintiff, the Opt-Ins, and the Ohio Class Members in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

F.      Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
2012 West 25th Street, Suite 716
Cleveland, OH  44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

 s/ Thomas A. Downie
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com

Attorneys for Plaintiff

JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)