UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TORI COLEMAN<br>On behalf of herself and all others<br>similarly situated,<br><br>    Plaintiff,<br>v.<br><br>BHAVESH D. PAVEL, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:20-cv-00925-JG<br><br>JUDGE JAMES GWIN<br><br><br><br>**[PROPOSED]**<br><br>**FINAL ORDER AND JUDGMENT** |

Plaintiff Tori Coleman and Defendants Bhavesh D. Patel, Bhavani Donuts, Inc., Chardon Donuts, Inc., Euclid Donuts, Inc., Janki Donuts, Inc., Manki Donuts, Inc., Niyati Enterprise, LLC, Shiv Donuts, Inc., and Shri Boot Maa Corp., ("Weston Hurd Defendants") and Lakeshore Donuts, Inc., Vishnu Donuts Corp., Nilay Patel, Bhavesh D. Patel, and Shailesh Patel ("Roetzel & Andress Defendants") have jointly moved the Court to approve a settlement of this class and collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Fed. R. Civ. P. 23. Having reviewed the Settlement Agreement and its Exhibits, as well as the pleadings and papers filed in this Action, and for good cause established therein, the Court enters this Final Order and Judgment approving the Settlement as follows:

1. Plaintiff Coleman filed a Class and Collective Action Complaint against Defendants (ECF #1) on April 30, 2020. Plaintiff alleged that she and other similarly-situated employees were underpaid for hourly wages and/or overtime compensation.

1

Defendants denied those claims.  Defendants filed Answers denying those claims (ECF #27, 28).

2. On June 25, 2020, the Weston Hurd Defendants moved to dismiss the Complaint on the ground that it failed to state a claim upon which relief can be granted. Certain Defendants' Motion to Dismiss (ECF #17).  The principal contention of the motion was that the businesses named in the Complaint were "separate and distinct entities" and Plaintiff "failed to provide sufficient factual support or notice as to how the Responding Defendants amount to 'joint employers' or an 'integrated enterprise.'" *Id*. at 2.

3. On July 16, 2020, Plaintiff filed an Amended Class and Collective Action Complaint (ECF #30) pursuant to Fed. R. Civ. P. 15(a)(1)(B).  The Amended Complaint set forth additional factual averments including specific allegations which were said to support Defendants' alleged status as "joint employers" or an "integrated enterprise." *Id*. at ¶¶ 23 through 73.

4. The Roetzel & Andress Defendants answered the Amended Complaint on July 21, 2020 (ECF #31).  The Weston Hurd Defendants requested a 30-day extension of time to answer the Amended Complaint (ECF #32) which was granted by the Court to August 31, 2020 (ECF #33).

5. On August 21, 2020, the parties filed a Joint Motion to Stay Litigation Pending Informal Exchange of Evidence and Mediation ("Joint Motion") (ECF #34).  The Court granted the Joint Motion and stayed the case for sixty days (ECF #37).  On motion by the parties, the Court later extended the stay for an addition sixty days.  (ECF #39).

6. The parties' Joint Motion established protocols for a further investigation based on an extensive due-diligence production of information and documents. *See* Joint Motion (ECF #34) at ¶¶ 1 through 3. The Weston Hurd Defendants identified stores that met certain conditions as to ownership, operation, or receipt of revenue. For those stores, the Weston Hurd Defendants were to produce documents and data for hourly employees who worked more than forty hours in one or more workweeks showing the methods used to calculate overtime compensation during the relevant period, the time worked on a workweek basis during that period, and the compensation paid for those workweeks.

7. The Weston Hurd Defendants identified six stores as meeting the requisite conditions. The document production for those stores was made on October 9, 2020.

8. Analysis of the Weston Hurd Defendants' records was painstaking and time-consuming. For many workweeks, pay registers were available but no corresponding timekeeping records. For a few workweeks, neither timekeeping records nor weekly or biweekly pay records were available. When the records were incomplete, alleged damages were estimated by attributing, to those workweeks, the average time, pay, and damage information gleaned from other records.

9. On December 10, 2020, Plaintiff and the Weston Hurd Defendants proceeded to mediation before mediator Keith Ashmus via Zoom. The parties reviewed detailed estimates, based on the document analyses, for the alleged damages at the Weston Hurd Defendants' six stores.

10. The parties made progress during the formal mediation session on December 10, 2020, and continued to negotiate, as well as to exchange information and

data, thereafter. The post-mediation discussions included detailed written proposals for the structure of a settlement. Ultimately a settlement was reached covering the Weston Hurd Defendants' stores.

11. Separate from the due-diligence exchange with the Weston Hurd Defendants, the Roetzel & Andress Defendants produced timekeeping and payroll records and negotiations took place with Plaintiff. Those negotiations resulted in an agreement that added the Roetzel & Andress Defendants' two stores to the overall settlement.

12. On April 1, 2021, the parties filed their Joint Motion for Preliminary Approval of Class and Collective Action Settlement (ECF #42).

13. On April 8, 2021, the Court granted preliminary approval of the class and collective action settlement (ECF #44). The Court's order certified the proposed Settlement Class pursuant to Fed. R. Civ. P. 23, approved notice to Potential Opt-Ins and Settlement Class Members, and scheduled a Fairness Hearing for October 6, 2021.

14. On September 27, 2021, Plaintiff filed a Declaration of Plaintiff's Counsel Regarding Notice (ECF #45-1). The Declaration certified that the Notice of Class and Collective Action Settlement was distributed to the Settlement Class Members as prescribed and that no Settlement Class Member has filed an objection to the settlement.

15. The Court convened the Fairness Hearing on October 6, 2021. The Court approved the settlement and attorneys' fees but required the parties to resubmit the settlement agreement to correct an error in Paragraph 27. Minutes of Hearing filed October 6, 2021.

16. On October 7, 2021, the parties jointly filed the Corrected Agreement of Settlement and Release (ECF #48 and 48-1), correcting the error.

17. Based on the Corrected Agreement, the Court approves the proposed service award to Plaintiff Coleman as set forth in Paragraph 27.

18. The Court approves the Settlement pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23(e) and orders that it be implemented according to its terms and conditions and as directed herein.

19. The Court dismisses this case with prejudice. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Final Order and Judgment immediately.

20. As requested by the Parties in the Settlement Agreement, the Court retains jurisdiction to enforce the terms of the Settlement Agreement and resolve any and all disputes thereunder.

**SO ORDERED:**

October 20, 2021
Date

United States District Judge